968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Elbert Harrison VICK, Petitioner-Appellant,
v.
Gary MAYNARD, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-7018.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument. We grant Mr. Vick's motion to proceed in forma pauperis and his motion for a certificate of probable cause.
 
 
 2
 Elbert Harrison Vick's second petition for habeas corpus under 21 U.S.C. § 2254 was dismissed as an abuse of the writ. In his petition, Mr. Vick alleges race discrimination in the prosecution's exclusion of a black juror under Batson v. Kentucky, 476 U.S. 79 (1986). As "cause" for his failure to raise this claim in the first habeas petition, Mr. Vick asserts that he did not have effective assistance of counsel of law clerks to assist in filing his post-conviction motions.
 
 
 3
 A convicted prisoner has no right to counsel for post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551 (1987); Ross v. Moffitt, 417 U.S. 600, 614-16 (1974), and alleged "ineffectiveness" of prison law clerks is therefore neither violative of the Sixth Amendment right to counsel nor cause for failure to raise all claims in the initial habeas petition. The Supreme Court's opinion in Bounds v. Smith, 430 U.S. 817 (1977), which Mr. Vick cites, provides standards for prison law clerks in the event that they are to substitute for prison law libraries. See id. at 828-31. Mr. Vick has not alleged that the law library at the facility where he is being held is inadequate to provide "meaningful access" to the courts, and he thus can derive no support from Bounds.
 
 
 4
 Because Mr. Vick cannot demonstrate sufficient cause for failure to raise his Batson claim in his first habeas petition, we AFFIRM for substantially the reasons given by the magistrate judge and affirmed by the district court.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3